J.A22041/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARON NESBIT, | : | |
| | : | |
| Appellant | : | No. 2162 MDA 2013 |

Appeal from the PCRA Order November 4, 2013
In the Court of Common Pleas of York County
Criminal Division No(s).: CP-67-CR-0002131-1997

BEFORE: PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED JULY 29, 2014**

Appellant, Daron l. Nesbit, takes this counseled appeal from the order entered in the York County Court of Common Pleas denying his third petition filed pursuant to the Post Conviction Relief Act[1] ("PCRA").  Appellant contends the PCRA court erred in denying his petition without a hearing because his sentence of life without the possibility of parole was unconstitutional under **Miller v. Alabama**, 132 S. Ct. 2455 (2012), and under Article I, Section 13 of the Pennsylvania Constitution.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

A prior panel of this Court stated the facts and procedural posture of this case as follows:

On March 8, 1997, Paul Smith went out with some friends and relatives to celebrate his cousin's birthday. After going to a bar, the group proceeded to the Majestic Restaurant, where Smith went inside to purchase some beer. As Smith left the restaurant, he encountered Melisha Grimes, and the two stopped to talk. They returned to the restaurant so that Grimes could write down her pager number for Smith and, while inside, Appellant, then 16 years old, approached them and a verbal altercation occurred. Soon, the confrontation moved out into the parking lot and Appellant and Smith began to fight. Appellant pulled out a gun and fired two shots at Smith, killing him, and then fled.

Appellant was charged with first-degree murder, third-degree murder, voluntary manslaughter, and involuntary manslaughter. On November 13, 1997, he was convicted of first-degree murder. On December 29, 1997, he was sentenced to life imprisonment without parole. His judgment of sentence was affirmed by this Court on March 31, 1999 and his petition for allowance of appeal to our Supreme Court was denied on October 5, 1999.

On December 21, 2000, Appellant filed a PCRA petition and the PCRA court granted a new trial. On November 20, 2001, following a second jury trial, Appellant was again convicted of first-degree murder and sentenced on that date by the trial court to a term of life imprisonment. Appellant filed a direct appeal to this Court on December 3, 2001, which affirmed Appellant's judgment of sentence on November 12, 2002. On June 26, 2003, our Supreme Court denied Appellant's petition for allowance of appeal.

On February 5, 2004, Appellant filed a *pro se* PCRA petition and JoAnne Floyd, Esquire, was appointed to represent him. On March 26, 2004, [she] filed an amended PCRA petition and the PCRA court conducted an evidentiary hearing on July 19, 2004. On September 17, 2004, the PCRA court denied Appellant's petition and this Court affirmed that order on August 8, 2005. On January

20, 2006, our Supreme Court denied Appellant's petition for allowance of appeal.

That same day, Appellant filed a second *pro se* PCRA petition in which he alleged that Attorney Floyd was ineffective for failing to call trial counsel, Mark S. Greenberg, and Brian A. March, Ph.D., to testify at the July 19, 2004 PCRA evidentiary hearing. On March 13, 2006, Judge Blackwell, sitting as the PCRA court, appointed Heidi R. Freese, Esquire as PCRA counsel. On April 11, 2006, Judge Blackwell issued notice pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure of her intention to dismiss Appellant's PCRA petition as untimely. . . . [O]n June 16, 2006, [the PCRA court] entered an order dismissing Appellant's petition as untimely.

Appellant timely appealed *pro se* . . .

**Commonwealth v. Nesbit**, 1351 MDA 2006, 1365 MDA 2006 (unpublished memorandum at 2-5) (Pa. Super. Sept. 26, 2007).

This Court affirmed on September 26, 2007. **Id.** at 7. On July 18, 2008, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Nesbit**, 953 A.2d 541 (Pa. 2008).

On August 1, 2012, Appellant filed the instant *pro se* PCRA petition. On August 28, 2012, present counsel entered his appearance. On October 9, 2012, and December 12, 2012, the PCRA court stayed the matter pending the decisions by the Pennsylvania Supreme Court in **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013), and **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). On November 4, 2013, the PCRA court denied the petition. On November 26, 2013, the PCRA court denied Appellant's motion for reconsideration. This timely counseled appeal followed. Appellant filed a

timely court-ordered Pa.R.A.P. 1025(b) statement of errors complained of on appeal. On March 17, 2013 the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises the following issue for our review:

> Whether the PCRA court erred by dismissing the petition without a hearing because one of the issues raised, namely, the constitutionality of sentencing juvenile to life without the possibility of parole under Article I, Section 13 of the Pennsylvania Constitution, was of merit and requires factual development and/or credibility determinations to be properly adjudicated?

Appellant's Brief at 4.[2]

Before examining the merits of Appellant's claims, we consider whether the PCRA court had jurisdiction to entertain the underlying PCRA

---

[2] We note in **Commonwealth v. Seskey**, 86 A.3d 237 (Pa. Super. 2014), the appellant argued

> that his life sentence, which was imposed upon him when he was a juvenile, violates his right to be free from cruel and unusual punishment. It is well-established that such a claim constitutes a nonwaivable challenge to the legality of the sentence. . . .
>
> However, the fact that these claims are not waived does not mean that we have jurisdiction to review them. Waiver and jurisdiction are separate matters. "Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim."

**Id.** at 241 (citations omitted).

petition. On appellate review of a PCRA ruling, "we determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

> We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of Appellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**.
>
> 42 Pa.C.S. § 9545(b)(1).
>
> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). . . .

*Id.* at 719-20 (some citations omitted) (emphasis added).

Our Supreme Court has stated:

> This Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. In addition, we have noted that the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act. We have also recognized that the PCRA's time restriction is constitutionally valid.

*Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations and quotation marks omitted).

In the instant case, Appellant was sentenced on November 20, 2001. This Court affirmed his judgment of sentence on November 12, 2002. On June 26, 2003, our Supreme Court denied Appellant's petition for allowance of appeal. Appellant's judgment of sentence became final on September 24, 2003, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S.Sup.Ct.R. 13 (providing, "[A] petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary

review[ ]"). Appellant thus had until September 25, 2004[3] to file a PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1) (providing that PCRA petition must be filed within one year of date judgment becomes final). Appellant filed the instant petition on August 1, 2012; therefore, it is patently untimely. Thus, we review whether his petition alleges and proves, as Appellant contends, the exception at Section 9545(b)(1)(iii). **See** 42 Pa.C.S. § 9545(b)(1)(iii); **Robinson**, 837 A.2d at 1161.

Appellant avers that his PCRA petition was timely filed on August 1, 2012, because it was filed within sixty days of the United States Supreme Court's decision in **Miller**. Appellant's Brief at 6.

In **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), *cert. den.*, ___ S. Ct. ___, 2014 WL 797250 (Jun. 9, 2014), our Supreme Court held that **Miller** was not retroactive and opined:

> Here, applying settled principles of appellate review, nothing in [the a]ppellant's arguments persuades us that **Miller's** proscription of the imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final as of the time of **Miller's** announcement.

*Id.* at 11.

The PCRA court reasoned that "[g]iven the Supreme Court of Pennsylvania decision in **Commonwealth v. Cunningham**, this Court must

---

[3] September 24, 2004 fell on a Sunday. Therefore, Appellant had until September 25, 2004 to file his PCRA petition. **See** 1 Pa.C.S. § 1908.

issue the following ruling. [Appellant's PCRA] petition is denied." PCRA Ct. Op., 11/4/13, at 2. We agree.

Our Pennsylvania Supreme Court specifically held that **Miller** did not apply retroactively. **See Cunningham**, 81 A.3d at 11. Therefore, the Section 9545(b)(1)(iii) exception to the PCRA's time restrictions is unavailing. Thus, the PCRA court lacked jurisdiction to consider Appellant's claims. **See Robinson**, 837 A.2d at 1161. The PCRA court's ruling is free of legal error. **See Marshall**, 947 A.2d at 719.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2014