837 A.2d 1157

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Michael ROBINSON, Appellee.**

Supreme Court of Pennsylvania.

Submitted July 16, 2002.

Decided Oct. 22, 2003.

Reargument Denied Dec. 4, 2003.

Catherine Lynn Marshall, Philadelphia, Nicole Alyse Tepper, for the Com. of PA, Appellant.

Michael Robinson, Appellee Pro Se.

Before: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## OPINION OF THE COURT

Justice CASTILLE.

In the past several years, this Court has weighed in upon the validity of various theories devised to avoid the effects of the one-year time limitation which was adopted as part of the 1995 amendments to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq. See, e.g., Commonwealth v. Baroni,* 827 A.2d 419 (Pa.2003) (claim of structural error does not surmount PCRA time limitation); *Commonwealth v. Rienzi,* 827 A.2d 369 (Pa.2003) (Superior Court erred in attempting to circumvent PCRA time-bar by treating untimely, second PCRA petition as if it were amendment to timely but withdrawn first petition); *Commonwealth v. Eller,* 569 Pa. 622, 807 A.2d 838 (2002) (PCRA petitioner cannot pursue reinstatement of direct appeal rights *nunc pro tunc* outside framework of PCRA; disapproving of Superior Court decisions holding to contrary on basis of misplaced retroactivity analysis); *Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232 (2001) (PCRA petitioner cannot pursue reinstatement of direct appeal rights *nunc pro tunc* outside framework of PCRA); *Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201, 202 (2000) (rejecting claim that applicability of PCRA's time-bar depends on nature of constitutional violations alleged in petition; "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, 222 (1999) (PCRA "jurisdictional time limitation is not subject to equitable principles such as tolling").

The appeal *sub judice* involves the Superior Court's application of a theory, devised by that court in *Commonwealth v. Leasa,* 759 A.2d 941 (Pa.Super.2000) and *Commonwealth v. Peterson,* 756 A.2d 687 (Pa.Super.2000), which construes an untimely, serial PCRA petition as if it were an "extension" of a timely, but previously dismissed, first PCRA petition in cases where an appeal was taken from the denial of the first petition, but the Superior Court ultimately dismissed the

appeal when the PCRA appellant failed to file a brief. The "extension" theory is similar to the PCRA "amendment" theory which we disapproved in *Rienzi*. Since the Superior Court's innovation of this non-textual exception to the PCRA's time requirement is no less clearly erroneous, it must meet the same fate as the theory in *Rienzi*. Accordingly, we vacate the Superior Court judgment and dismiss this time-barred, serial PCRA petition.

The pertinent facts are undisputed as appellee has not filed a brief. At the conclusion of a two-day non-jury trial on March 7, 1995, the Honorable Lisa A. Richette convicted appellee of voluntary manslaughter[1] and possessing an instrument of crime[2] in connection with the August 24, 1993 shooting death of Donrico Sutton in Philadelphia. On May 9, 1995, Judge Richette sentenced appellee to an aggregate term of seven and one-half to fifteen years imprisonment. Appellee filed a motion for reconsideration of sentence which resulted in the trial court resentencing him, on June 5, 1995, to seven to fourteen years of imprisonment. Appellee did not file a direct appeal to the Superior Court.

On December 3, 1996, appellee filed a *pro se* PCRA petition, which was timely under the one-year grace period provided in the same 1995 amendment to the PCRA which established the time limitation.[3] The PCRA court appointed counsel to represent appellee and counsel filed an amended petition on February 17, 1998. On June 29, 1998, after giving notice of her intent to dismiss under Pa.R.Crim.P. 1507,[4] Judge Richette dismissed the PCRA petition as lacking in merit. Appellee

**1.** 18 Pa.C.S. § 2503.

**2.** 18 Pa.C.S. § 907(a).

**3.** The 1995 PCRA amendments provided for a "transitional, statutory grace period" of one year, applicable to first petitions in cases where the judgment of sentence became final before the January 16, 1996 effective date of the 1995 amendments. *Baroni*, 827 A.2d at 420 n. 1. Thus, in such an instance, a PCRA petition is timely if it was filed no later than January 16, 1997. *See Commonwealth v. Fenati,* 561 Pa. 106, 748 A.2d 205, 206–07 (2000). Since appellee's sentence became final on July 5, 1995, his first PCRA petition, filed on December 3, 1996, was timely.

**4.** Rule 1507 has since been renumbered as Rule 907.

filed a timely appeal to the Superior Court, but the appeal was ultimately dismissed by that court on April 28, 1999 because appellee had failed to file a brief. The order of dismissal noted that it was entered "without prejudice to PCRA relief" and that counsel fees were withheld. Appellee did not seek reconsideration of the order of dismissal nor did he seek review in this Court.

Appellee then filed a second *pro se* PCRA petition on July 13, 1999 seeking, among other things, to have his PCRA appeal rights reinstated. On August 2, 1999, Judge Richette dismissed this second PCRA petition as untimely, noting that none of the exceptions to the PCRA time bar applied. *See* 42 Pa.C.S. § 9545(b) (setting forth time-bar exceptions). Appellee did not appeal this dismissal to the Superior Court.

On November 23, 1999, appellee filed another *pro se* PCRA petition, his third, alleging, *inter alia*, that his PCRA appeal counsel was ineffective in failing to file a brief and again seeking restoration of his PCRA appeal rights *nunc pro tunc*. On February 23, 2000, Judge Richette entered an order which granted appellee PCRA relief, apparently based on an implicit finding that PCRA appeal counsel indeed was ineffective in failing to file a brief. This order thus purported to vacate the August 2, 1999 order dismissing appellee's second PCRA petition, and granted appellee PCRA relief in the form of the right to file an appeal *nunc pro tunc* from the June 29, 1998 order dismissing appellee's first PCRA petition. The order further stated that new PCRA counsel would be appointed and that counsel would have thirty days from the date of appointment to file the *nunc pro tunc* appeal. New counsel was appointed on March 14, 2000, but he did not file an appeal until April 20, 2000, one week beyond the time afforded in Judge Richette's order.

The Superior Court directed appellee to show cause why his appeal should not be quashed as untimely. Appellee responded that an "administrative breakdown" in his counsel's office caused the delay. In a published decision, the Superior Court accepted this as a valid reason for the failure to file the appeal

in a timely fashion.[5] The court then turned to a second jurisdictional question, raised by the Commonwealth, of whether the appeal should be quashed because appellee's third PCRA petition, which led to the grant of PCRA relief in the form of a *nunc pro tunc* appeal, was untimely since it was filed on November 3, 1999, over four years after appellee's judgment of sentence became final. *See Commonwealth v. Robinson*, 781 A.2d 152, 157–58 (Pa.Super.2001).

The Superior Court summarily rejected the Commonwealth's argument with the following analysis:

> This argument overlooks this Court's opinions in *Commonwealth v. Leasa*, 759 A.2d 941 (Pa.Super.2000), and *Commonwealth v. Peterson*, 756 A.2d 687 (Pa.Super.2000). In *Leasa*, we held that a "second" PCRA petition requesting reinstatement of appeal rights as to the order dismissing the petitioner's first petition would be considered merely an extension of the litigation of the petitioner's first PCRA petition where the appeal from the denial of the first petition was dismissed because of counsel's failure to file a brief. 759 A.2d at 941–42. In *Peterson*, we held that a "second" petition raising the same issues as the petitioner's first petition would be treated as an extension of his first petition where his appeal from the denial of his first petition was dismissed because of counsel's failure to file a brief. 756 A.2d at 688–89.

781 A.2d at 158. Applying the *Leasa/Peterson* exception to the time-bar to the case *sub judice*, the Superior Court held that, to the extent that appellee's serial PCRA petition either renewed issues that were raised and rejected in his initial PCRA petition or sought reinstatement of the initial PCRA appeal, it would be considered a mere "extension" of the first petition which would not be subject to the PCRA's time

---

**5.** The Commonwealth contends in a footnote that the Superior Court erred in excusing the untimeliness of the appeal. Brief for Appellant, 14–16 & n. 2. Given our holding that the PCRA court lacked jurisdiction to entertain the untimely serial PCRA petition in the first instance, we need not reach, and offer no view upon, this independent jurisdictional question.

restriction. 781 A.2d at 158–59.[6] The panel then proceeded to the merits of the *nunc pro tunc* appeal, ultimately affirming the denial of PCRA relief.

This Court granted the Commonwealth's petition for allowance of appeal to determine the propriety of the Superior Court's treatment of this type of serial PCRA petition as if it were an "extension" of a timely-filed first petition.[7],[8] The Commonwealth argues that the PCRA court lacked jurisdiction to entertain appellee's untimely third PCRA petition in 2000, or to entertain an "extension" of the first petition, the dismissal of which had already long been final. Since the PCRA court had no jurisdiction over the serial petition, it had no power to grant appellee **any** relief, including relief in the form of awarding an appeal *nunc pro tunc*. The Commonwealth accurately notes that Superior Court's "extension" theory is not one of the three exceptions to the time-bar recognized in the PCRA itself, and then argues that the theory should not be permitted to operate as an extra-PCRA

**6.** Both *Leasa* and *Peterson* involved second PCRA petitions raising issues identical to the first petition, where the appeal from the denial of the first petition was dismissed for failure to file a brief. Unlike the PCRA petitioners in *Leasa* and *Peterson*, appellee raised issues in his serial petition which were not raised in his first PCRA petition. Refining the rule in *Leasa* and *Peterson*, the Superior Court below essentially bifurcated the "new" issues, holding that they must be viewed as a separate, serial PCRA petition (presumably subject to the actual terms of the PCRA's time-bar).

**7.** We recognize that the Commonwealth ultimately prevailed below, but that fact does not render the issue we accepted any less worthy of discretionary review. Under the *Leasa/Peterson* rule, the Commonwealth is obliged to brief the merits of the substantive claims in these cases, notwithstanding its argument that these are untimely, serial petitions which should be summarily dismissed on jurisdictional grounds. This is a substantial undertaking and, if the Commonwealth's jurisdictional argument proved meritorious (as we conclude it is), the Commonwealth certainly is aggrieved. More importantly, a well-recognized basis for discretionary review is to address matters falling within this Court's supervisory power. *See* Supreme Court Internal Operating Procedures, V.A(5). This appeal presents a question of importance implicating our supervisory power. *See, e.g., Commonwealth v. Fulton,* — Pa. ——, — A.2d —— (2002), 2002 WL 1160755, *3 (filed May 30, 2002).

**8.** Since the question presented is one of law, our review encompasses the entire record and is plenary. *See, e.g., Eller,* 807 A.2d at 841 n. 2.

conduit by which the jurisdictional time-bar may be nullified. The Commonwealth notes that the calculus would be different if the Superior Court in these cases had retained jurisdiction over the initial PCRA appeals, or had remanded the appeals, when faced with PCRA appeal counsel's failure to file a brief. But, in ordering the appeals dismissed, the Superior Court put an end to those first PCRA petitions; they became final. By definition, the Commonwealth argues, any serial collateral attack cannot have been an "extension" of the previous, finally litigated one. We agree with the Commonwealth that the Superior Court erred in attempting to circumvent the PCRA time-bar by deeming this serial petition to be an extension of appellee's previously filed, and finally decided, initial petition.

Our analysis necessarily begins with the plain language of Section 9545(b) of the PCRA, which sets forth the time restriction and the narrow exceptions to that restriction:

(b) Time for filing petition.-

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b). "This Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions." *Rienzi*, 827 A.2d at 371. *See also Hall*, 771 A.2d at 1234 ("Pennsylvania courts lack jurisdiction to entertain untimely PCRA petitions"). In addition, we have noted that "[t]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Eller*, 807 A.2d at 845. *See also Fahy*, 737 A.2d at 222 ("a court has no authority to extend filing periods except as the statute permits"). We have also recognized that the PCRA's time restriction is constitutionally valid. *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638, 642–43 (1998).

The Superior Court did not suggest that any of the statutory exceptions to the one-year filing requirement applied here. Thus, the issue is simply whether the language of the PCRA contemplates or permits a court to innovate a non-textual exception to the PCRA's time-bar by indulging the fiction that a second or subsequent PCRA petition is an "extension" of a previous petition which was rejected on the merits in an order that has since become final. Since neither the language of the statute nor this Court's decisional law authorizes suspension of the time-bar in instances where the petitioner is seeking *nunc pro tunc* appellate relief or reiterating claims which were litigated on a previous petition, the statute obviously cannot bear Superior Court's interpretation.

In addition to failing as a matter of statutory construction, the Superior Court's "extension" theory ignores bedrock principles of finality. Once a PCRA petition has been decided and the ruling on it has become final, there is nothing for a subsequent petition or pleading to "extend." Far from continuing into perpetuity, the trial court's jurisdiction over a matter generally ends once an appeal is taken from a final order or, if no appeal is taken, thirty days elapse after the final order. *See* 42 Pa.C.S. § 5505 ("Modification of orders: Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order

within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."). Appellee's initial PCRA petition was decided when Judge Richette entered her final order of dismissal on June 29, 1998. Appellee appealed that order, but his appeal was dismissed because his counsel failed to file a brief. Contrary to the assertions found in both *Peterson,* 756 A.2d at 689 and *Leasa,* 759 A.2d at 942, such outright dismissals, even when accompanied by the notation that they are entered "without prejudice to [the appellant's] rights under the [PCRA]," do not operate to "remand" the matters to the PCRA courts, absent an actual mandate to that effect. We will not indulge the fiction adopted by the Superior Court.

█ Certainly, the initial PCRA petition here was never remanded to the trial court, nor did the Superior Court itself retain jurisdiction. In addition, appellee did not seek discretionary review in this Court. By operation of law, Judge Richette's order denying relief on the merits of the first petition became final thirty days after the Superior Court dismissed the appeal. Neither Judge Richette nor the Superior Court retained any sort of residual jurisdiction to tinker with that final judgment. Instead, the only way for appellee to secure further collateral review of the claims he would now raise was via the PCRA, which provides the **exclusive** vehicle for obtaining state collateral relief on claims which are cognizable under the PCRA. *Eller,* 807 A.2d at 842–43; *Hall,* 771 A.2d at 1235–36; *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564, 569–70 (1999). Since the jurisdiction of the court system over the prior PCRA petition had expired, appellee's subsequent petitions were entirely new collateral actions and, as such, they were subject to the time and serial petition restrictions of Section 9545(b) of the PCRA.

We are aware that the Superior Court's administrative practice of dismissing appeals if the appellant's brief has not been filed after a substantial delay pre-dates the adoption of the PCRA time-bar in 1995. In light of the heavy appellate burden faced by our front-line criminal appeals court, we do not doubt the necessity of some such practice. Prior to the

1995 enactment of the time-bar, the notation "without prejudice to the appellant's rights under the PCRA" on a first PCRA appeal did not preclude the PCRA petitioner from seeking *nunc pro tunc* relief via a serial PCRA petition, albeit the petitioner would face the heightened judicial burden applicable to a serial petition. *See Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988) (request for relief in second or subsequent collateral attack on conviction and sentence will not be entertained unless strong *prima facie* showing is made that miscarriage of justice has occurred). If the Superior Court had (and still has) a concern with the effect of its administrative orders in light of the greater restriction represented by the time-bar, the answer is not to seek to circumvent the statute but, perhaps, to revisit (if it has not done so already) the administrative practice. As the Commonwealth notes, the Superior Court could take other measures when faced with a PCRA petitioner's lawyer's failure to file a brief on an appeal from the denial of a timely, first PCRA petition. For example, the court could in fact remand the first PCRA petition for a hearing on counsel's failure and the advisability of sanctioning counsel or appointing new counsel; or, the court could issue a rule to show cause upon appellate counsel to explain his reasons for flouting the court's briefing order. But, we cannot sanction the indulgence of a fiction which is obviously designed to simply circumvent the statutory time-bar.

In this case, the Superior Court dismissed the initial PCRA appeal and appellee sought neither reconsideration nor further review of that order. The serial PCRA petitions later filed by appellee, including the one that led to the grant of relief in the form of this *nunc pro tunc* appeal, are subject to the strictures of the PCRA. Since the petition at issue here was untimely and did not fall within any of the three exceptions to the time-bar, both the PCRA court and the Superior Court lacked jurisdiction in this matter. We therefore vacate the judgment of the Superior Court and dismiss this time-barred, serial PCRA petition. In addition, the Superior Court's decisions in *Commonwealth v. Leasa*, 759 A.2d 941

(Pa.Super.2000), and *Commonwealth v. Peterson,* 756 A.2d 687 (Pa.Super.2000), are hereby expressly disapproved.

The judgment below is vacated and the underlying PCRA petition is dismissed as time-barred.

Justice NIGRO files a concurring opinion.

Justice SAYLOR concurs in the result.

Justice NIGRO concurring.

In light of the PCRA's strict time requirements, and this Court's case law holding that those requirements are not subject to equitable principles, I am constrained to join in the result reached by the majority.