J-S49031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARK DEDMON | |
| Appellant | No. 3319 EDA 2013 |

Appeal from the PCRA Order entered October 23, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0210251-1998

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 14, 2014**

Appellant, Mark Dedmon, *pro se* appeals from the October 23, 2013 order of the Philadelphia County Court of Common Pleas denying his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Upon review, we conclude the petition is untimely.  Accordingly, we affirm.

On February 16, 1999, a jury convicted Appellant of first degree murder and several other crimes.  On February 18, 1999, Appellant was sentenced to life imprisonment for the murder.  On April 28, 1999, Appellant was sentenced to concurrent terms of imprisonment for the other convictions.  This Court affirmed the judgment of sentence on September 12, 2000.  ***See Commonwealth v. Dedmon***, 1424 EDA 1999, unpublished memorandum at 1-4 (Pa. Super. filed September 12, 2000).  Appellant filed his first PCRA petition on August 25, 2000.  The trial court denied the

petition on February 22, 2002, and this Court affirmed on April 12, 2007. *See Commonwealth v. Dedmon*, No. 1332 EDA 2002, unpublished memorandum at 1-8 (Pa. Super. filed April 1, 2007). Three years later, on November 8, 2010, Appellant filed the instant petition alleging governmental interference and after-discovered evidence. The trial court found the petition untimely and denied relief. *See* Trial Court Order, 10/13/13, at 1.

On appeal, Appellant raises a claim of governmental interference (*i.e.*, the Commonwealth allegedly presented false evidence against him at trial) and a claim of newly discovered evidence (*i.e.*, a witness exonerating Appellant). According to Appellant, he discovered the alleged misconduct and the witness on January 2, 2009. Aware of the time limitations, Appellant relies on the interest of justice as a ground for entertaining this petition. Appellant's Brief at 10-16.

Before we can address the merits of the claims, we must determine the timeliness of the instant PCRA petition because we have no jurisdiction to entertain any review of the claims if the petition is untimely. *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011).

The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

- 2 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b).

Here, the record reflects the judgment of sentence became final on October 12, 2000, *i.e.*, at the expiration of the time for seeking discretionary review in the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Because Appellant had one year from October 12, 2000 to file his PCRA petition, the current filing is untimely on its face given it was filed on November 8, 2010.

The one-year time limitation can be overcome if a petitioner alleges and proves one of the exceptions set forth in Section 9545(b)(1)(i)-(iii).

Appellant here alleges governmental interference and newly discovered evidence. According to Appellant, he learned of both claims on January 2, 2009. Assuming Appellant's claim qualify as exceptions, the instant petition should have been filed within 60 days of the discovery to the claims, *i.e.*, March 3, 2009. Appellant, however, failed to do so. The instant petition, in fact, was filed November 8, 2010, which is well over 60 days from the date he learned of the claims. The instant petition is, therefore, untimely and, the trial court did not have jurisdiction to entertain it. **See**, **e.g.**, **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) ("This Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions.") (citation omitted). Accordingly, the PCRA court did not err in denying Appellant's petition as untimely, and did not err by dismissing the petition without a hearing. **See Commonwealth v. Marshall**, 947 A.2d 714, 723 (Pa. 2008). ("As explained *supra*, we have concluded that Appellant's petition was untimely, and accordingly the PCRA court properly determined that it had no jurisdiction to entertain it. We therefore also must conclude that the PCRA court did not err in dismissing [a]ppellant's petition without a hearing.").[1]

---

[1] To the extent Appellant relies on equity to escape the consequences of this untimely petition, we note that "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)-(iii)." **Commonwealth v. Abu-Jamal**, 833
*(Footnote Continued Next Page)*

- 4 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/14/2014</u>

_(Footnote Continued)_ ────────────

A.2d 719, 727 (Pa. 2003). Because Appellant failed to meet the exceptions set in Section 9545(b)(1)(i)-(iii), we conclude the instant petition was untimely filed.