J. S67036/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD BEERS, | : | |
| | : | |
| Appellant | : | No. 808 WDA 2014 |

Appeal from the PCRA Order April 14, 2014
In the Court of Common Pleas of Westmoreland County
Criminal Division No(s).: CP-65-CR-0001075-1999

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:             **FILED DECEMBER 5, 2014**

Appellant, Ronald Beers, appeals *pro se* from the order entered in the Westmoreland County Court of Common Pleas dismissing as untimely his second Post Conviction Relief Act ("PCRA")[1] petition. Appellant contends the PCRA court erred in denying his petition because his sentence of life without the possibility of parole was unconstitutional under **Miller v. Alabama**, 132 S. Ct. 2455 (2012), and **Jackson v. Hobbs**, 132 S. Ct. 2455 (2012), and violated his right to equal protection under the law. Appellant also avers

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

that his PCRA petition was timely filed on August 28, 2012, based upon the United States Supreme Court's decision in **Miller**/**Jackson**. We affirm.

Appellant was nineteen years old at the time of the underlying homicide. A prior panel of this Court stated the facts of this case as follows:

> The evidence presented at trial revealed the following. Appellant, while in the company of two other men on a deserted road, shot the victim in the back of the head, killing him. According to the Commonwealth, the murder was the result of a plan by [A]ppellant and his two co-defendants to rob and kill the victim. According to [A]ppellant, his co-defendants planned the robbery and murder without his participation. Further, the two men used [A]ppellant, who was intoxicated at the time and who suffered from diminished mental capacity, to carry out the shooting. Appellant conceded that he pulled the trigger, but argued that he did not have the specific intent to kill. Thus, he asserted that his voluntary intoxication and diminished mental state made him guilty only of third, not first, degree murder.

**Commonwealth v. Beers**, 1750 WDA 2000 (unpublished memorandum at 1) (Pa. Super. Sept. 14, 2001).

The PCRA court summarized the procedural posture of this case as follows:

> [Appellant] was convicted by a jury of first and third degree murder and related offenses . . . and was sentenced on September 28, 2000 to life without the possibility of parole. [Appellant] appealed his sentence, which was affirmed by the Pennsylvania Superior Court (1750 WDA 2000). The Pennsylvania Supreme Court denied [Appellant's] Petition for Allowance of Appeal on January 31, 2002[.[2]]

---

[2] **Commonwealth v. Beers**, 618 WAL 2001 (Pa. 2002). The PCRA court then stated that Appellant's judgment of sentence became final on January

[Appellant] timely filed his first PCRA Petition . . . on April 5, 2002. Counsel was appointed to represent [him] and, after a thorough review of the case, counsel filed a no-merit letter with the court. [The PCRA court dismissed the petition] on June 18, 2003. [Appellant] was represented on appeal by new counsel; however, his appeal was unsuccessful and the Order of the Court Dismissing his PCRA Petition was affirmed by the Pennsylvania Superior Court[.[3]] His subsequent Petition for Allowance of Appeal was denied on January 25, 2005.[4]

Although the record is unclear, it also appears that [Appellant] filed a Federal Habeas Corpus Petition in the United States District Court for the Western District of Pennsylvania. The final disposition of that action is also unclear from the official record in Westmoreland County; however, the record does indicate that the official records were returned to Westmoreland County from the United States District Court on or about January 27, 2007.[5]

[Appellant] filed a second PCRA Petition . . . on August 28, 2012. Although the instant PCRA is a second petition and is clearly untimely, counsel was appointed to review the claims raised by [Appellant]. A No-Merit letter was submitted to this court from PCRA counsel . . . and a letter written in response to that No-Merit letter was received

---

31, 2002. However, as we discuss *infra*, the judgment of sentence became final on May 1, 2002.

[3] ***Commonwealth v. Beers***, 1366 WDA 2003 (unpublished memorandum) (Pa. Super. April 27, 2004).

[4] ***Commonwealth v. Beers***, 399 WAL 2004 (Pa. Jan. 25, 2005).

[5] We note that the PCRA docket indicates the record was sent to the United States District Court on May 22, 2006 and returned to the Westmoreland County Court on January 23, 2007. Docket, 1/23/14, at 21-22. The docket is silent as to any activity occurring in the interim period.

from [Appellant] on December 2, 2013.[6]   A hearing on [Appellant's] PCRA Petition was scheduled and held on March 24, 2014.

PCRA Ct. Op., 7/16/14, at 1-2.

On April 14, 2014, the PCRA petition was denied and counsel's petition to withdraw was granted.   Order, 4/14/14.   This timely appeal followed. Appellant filed a timely court-ordered Pa.R.A.P. 1025(b) statement of errors complained of on appeal and the PCRA court filed a responsive opinion.

On appeal, Appellant raises the following issues for our review, reproduced verbatim:

> 1. Did the PCRA Court err in failing to conclude that the propositions of law enunciated by the U.S. Supreme Court in **Miller v. Alabama**, ___ U.S. ___ 132 S.Ct. 2455 (2012); **Jackson v. Hobbs**, ___ U.S. ___, 132 S.Ct. 2455 (2012) violates Appellant's right to equal protection under the law, as guaranteed by amendments 8 and 14 to the U.S. Constitution.  As he was nineteen (19) years old when the crimes at No. 1075 c 1999 were committed, thus making his mandatory life sentence without the possibility of parole unconstitutional pursuant to **Miller**/**Jackson**?
>
> 2. Did the PCRA Court err in failing to conclude that Appellant's above stated claim did not fit the new constitutional right/rule criteron set forth in 42 Pa.C.S.A. § 9545 (b) (iii)?
>
> 3. Did the PCRA Court err in failing to conclude that the trial court lacked subject-matter-jurisdiction over Appellant and the requisite state-of-mind element malice aforethought?

---

[6] This correspondence does not appear on the docket.  The PCRA court entered an order on December 27, 2013 which reflected the *pro se* response to PCRA counsel's no-merit letter and ordered a hearing to be scheduled by the court administrator's office.  Order, 12/27/13.

4. Did the PCRA Court err in failing to conclude that Appellant's counsel's were ineffective at the preliminary stage, and all subsequent stages?

5. Since Appellant is raising a ineffective assistance of counsel claim at the preliminary state, and all subsequent stages, he is thus raising a "Layered ineffective assistance" of counsel claim.

Appellant's Brief at 2-3.

Before examining the merits of Appellant's claims, we consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. On appellate review of a PCRA ruling, "we determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of Appellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United

> States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**.

42 Pa.C.S. § 9545(b)(1).

> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). . . .

*Id.* at 719-20 (some citations omitted) (emphasis added).

Our Supreme Court has stated:

> This Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. In addition, we have noted that the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act. We have also recognized that the PCRA's time restriction is constitutionally valid.

*Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations and quotation marks omitted).

In the instant case, Appellant was sentenced on September 28, 2000. This Court affirmed his judgment of sentence on September 14, 2001. On January 31, 2002, our Supreme Court denied Appellant's petition for allowance of appeal. Appellant's judgment of sentence thus became final on May 1, 2002, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including

- 6 -

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S.Sup.Ct.R. 13 (providing, "[A] petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review[ ]"). Appellant thus had one year, until May 1, 2003, to file a PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1) (providing that PCRA petition must be filed within one year of date judgment becomes final). Appellant filed the instant petition on August 28, 2012; therefore, it is patently untimely. Thus, we review whether his petition alleged and proved, as Appellant contends, the exception at Section 9545(b)(1)(iii). **See** 42 Pa.C.S. § 9545(b)(1)(iii); **Robinson**, 837 A.2d at 1161.

**Miller**/**Jackson's** holding is clear and stated as follows: "We therefore hold that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments." **Miller**/**Jackson**, 132 S.Ct. at 2460 (quotations omitted and emphasis added).

In **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), *cert. den.*, 134 S. Ct. 2724 (2014), our Supreme Court held that **Miller** was not retroactive and opined:

> Here, applying settled principles of appellate review, nothing in [the a]ppellant's arguments persuades us that

> ***Miller's*** proscription of the imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final as of the time of ***Miller's*** announcement.

***Id.*** at 11.

Instantly, the PCRA court opined: "[T]he record is abundantly clear that [Appellant] was age nineteen at the time that he committed his crime; therefore [***Miller***/***Jackson***] are inapplicable to his case. Also fatal to [Appellant's] position is the recent decision by the Pennsylvania Supreme Court" in ***Cunningham***, ***supra***. PCRA Ct. Op. at 5. We agree no relief is due.

In the case *sub judice*, the Section 9545(b)(1)(iii) exception to the PCRA's time restrictions is unavailing. Thus, the PCRA court lacked jurisdiction to consider Appellant's claims. ***See Robinson***, 837 A.2d at 1161. The PCRA court's ruling is free of legal error. ***See Marshall***, 947 A.2d at 719.

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2014