J-S06014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMEEL EARTHY EAST | : | |
| | : | |
| Appellant | : | No. 2474 EDA 2019 |

Appeal from the PCRA Order Entered August 6, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0005484-2011

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 03, 2020**

Jameel Earthy East appeals *pro se* from the trial court's order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The trial court set forth the following factual and procedural history of the case:

> On January 11, 2013, [East] . . . appeared before [the court] and entered an open plea of guilty to one count of third [-] degree murder and one count of unsworn falsification to authorities.
>
> During the course of his guilty plea proceedings, [East] acknowledged that, on June 24, 2011, he was responsible for taking care of [E.], his three-month old son.  [East] specifically admitted that, while he was supposed to be taking care of [E.], he struck [E.'s] head against a hard surface on the bathroom counter, causing injuries that resulted in [E.'s] death.  [East] further admitted that he gave a statement to the police in which he first denied being responsible for [E.'s] injuries, but subsequently admitted to striking [E.'s] head against the counter.  The affidavit of probable cause in support of the criminal complaint– which was incorporated into the record during [East's] guilty plea

proceedings– further stated that an autopsy performed on [E.] resulted in a determination that [E.] had suffered blunt cerebral trauma with sufficient force that the child suffered two skull fractures, resulting in his death. The affidavit further stated that, in his statement to police, [East] first claimed to have accidentally struck [E.'s] head against the wall while taking the child downstairs after he had become ill, but that [East] subsequently admitted to striking [E.'s] head against the counter when he became "overwhelmed" with taking care of [E.] after the child vomited on him.

A pre-sentence investigation [(PSI)] was conducted, and [East] appeared before [the sentencing court] for sentencing on June 26, 2013. Following careful consideration of the PSI report, the arguments of counsel, and all of the evidence presented, [the sentencing court] imposed a standard[-]range sentence of not less than fifteen (15) nor more than thirty (30) years['] imprisonment on [East's] sentence for third[-]degree murder. No additional sentence was imposed on [East's] conviction for unsworn falsification to authorities. [The sentencing court] stated the court's reasoning for the sentence imposed at some length on the record.

On July 5, 2013, [East] filed a timely post-sentence motion for reconsideration of sentence, in which [East] contended that, in imposing sentence, the court paid insufficient [attention] to potential mitigating factors, resulting in a sentence that was unduly harsh and excessive. Upon review of the record, [the sentencing court] denied [East's] motion by order dated July 22, 2013.

[East] filed a timely notice of appeal to [this Court] on August 20, 2013. On September 10, 2013, [the sentencing court] received a copy of [East's] statement of errors complained of on appeal, pursuant to P[a.]R[.]A[.]P[.] 1925(b).

Trial Court Opinion, 11/20/13, at 1-3 (internal citations, footnotes and citations to notes of testimony omitted).

On direct appeal our Court affirmed East's judgment of sentence, concluding that the sentencing court did not abuse its discretion when imposing his sentence as the court considered a PSI report, heard and

considered testimony from experts who performed psychological evaluations of East, reviewed East's prior criminal, employment, social and educational histories, considered the safety of the community and East's rehabilitative needs, explained the reasons for imposing the particular sentence, and considered all relevant sentencing factors. *Commonwealth v. East*, 2435 EDA 2013 (Pa. Super. filed July 2, 2014) (unpublished memorandum). On July 14, 2015, East filed a petition for "Writ of Habeas Corpus *Ad Subjiciendum*" that the court treated as a PCRA petition. Counsel was appointed and, on December 8, 2015, the court dismissed East's petition. East filed a collateral appeal from that decision; our Court dismissed the appeal due to East's failure to file a brief. *Commonwealth v. East*, 190 EDA 2016 (Pa. Super. filed June 22, 2016) (per curiam).

East filed the current PCRA petition, his second, on June 21, 2019. On July 1, 2019, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss East's petition without a hearing. East did not respond to the dismissal notice. On August 6, 2019, the trial court dismissed East's petition. This timely appeal follows. He raises the following issue for our consideration: Did the sentencing court violate 42 Pa.C.S. § 9721(b) when in sentencing [him] outside the guidelines, it failed to give adequate reason for its departure therefrom." Appellant's Brief, at viii (unnecessary capitalization omitted).

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Alcorn*, 703 A.2d

- 3 -

1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i),(ii), and (iii). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." **Id.**; **see also** 42 Pa.C.S.A. § 9545(b)(2).[1] The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. **Commonwealth v. Robinson**, 837 A.2d 1157 (Pa. 2003).

Instantly, East's judgment of sentence became final on August 2, 2014, after the time expired for him to file a petition for allowance of appeal with the Pennsylvania Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. Thus, he had until August 2, 2015, to file the instant petition for it to be deemed timely. East's current petition, however, was not filed until June

---

[1] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

- 4 -

21, 2019, almost four years later. Accordingly, East's PCRA is patently untimely and he must plead and prove a section 9545(b)(1) timeliness exception in order for the court to consider its merits. **See** 42 Pa.C.S.A. § 9545(b)(3) (PCRA must be filed within one year of date judgment is final).

In his petition, East neither pleads nor proves an exception to the PCRA time bar. Rather, he raises non-cognizable discretionary aspect of sentencing clams on appeal. Specifically, East contends that the sentencing court: "(1) failed to begin [its analysis] with the sentencing guidelines, [] failed to consider mitigating factors [in fashioning his sentence], and failed to state the reasons for its upward departure on the record in violation of the Rules of Criminal Procedure." Appellant's Brief, at x. **See** 42 Pa.C.S. § 9543(a)(2) (delineating what petitioner must raise to be eligible for relief under PCRA). Because the timeliness requirements of the PCRA are jurisdictional in nature, the PCRA court was unable to hear East's petition and, thus, properly dismissed it without a hearing. **Robinson**, **supra**.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/20