J-S66009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN WYATT | |
| Appellant | No. 1522 EDA 2019 |

Appeal from the Order Entered April 8, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0603901-1990

BEFORE: STABILE, J., NICHOLS,J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.: Filed: September 24, 2020

Appellant Kevin Wyatt *pro se* appeals from the April 8, 2019 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed as untimely his fifth petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we vacate and remand for further proceedings.

The facts and lengthy procedural history of this case are undisputed.[1] As summarized by a prior panel of this Court in connection with Wyatt's 2015 appeal:

> Wyatt's convictions stem from the 1990 shooting death of a jewelry store employee. In 1992, a jury found Wyatt guilty of first-degree murder [(18 Pa.C.S.A. § 2502(a))], two counts of

---

[1] Wyatt has filed several PCRA petitions with the common pleas court, and also has filed numerous petitions for writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania as well as petitions for review in the Commonwealth Court of Pennsylvania.

robbery [(18 Pa.C.S.A. § 3701)], and criminal conspiracy [(18 Pa.C.S.A. § 903)]. On June 1, 1993, the court sentenced Wyatt to a term of life imprisonment for the murder conviction, and two consecutive terms of 10 to 20 years in prison on the robbery charges, to be served concurrently with the murder sentence. [No further penalty was imposed with respect to the conspiracy charge.] A panel of this Court affirmed his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Wyatt*, 688 A.2d 710 (Pa. Super. 1997), *appeal denied*, 699 A.2d 735 (Pa. 1997).

Wyatt then filed a [PCRA petition] on September 18, 1997, alleging trial and appellate counsel ineffectiveness. The PCRA court denied relief, and a panel of this Court affirmed the court's dismissal of four of his five claims. However, the panel granted relief and ordered a new trial on the charge of murder based on trial counsel's failure to object to an accomplice liability jury instruction. *Commonwealth v. Wyatt*, 782 A.2d 1061 (Pa. Super. 2001) (unpublished memorandum). Both Wyatt and the Commonwealth sought allocatur. The Pennsylvania Supreme Court denied the Commonwealth's petition on October 15, 2002, *Commonwealth v. Wyatt*, 809 A.2d 904 (Pa. 2002), and denied Wyatt's petition on June 3, 2003, *Commonwealth v. Wyatt*, 825 A.2d 1261 (Pa. 2003).

Subsequently, the matter returned to the trial court for a new trial solely on the charge of first-degree murder. On January 26, 2004, Wyatt entered a guilty plea to third-degree murder. That same day, the trial court imposed a sentence of ten years to twenty years in prison, consecutive to the previously imposed robbery sentences. No direct appeal was taken from that conviction and sentence.[2] Instead, since that time, Wyatt has inundated the courts with numerous petitions, raising an assortment of requests and claims. None of these petitions has provided Wyatt any relief.

*Commonwealth v. Wyatt*, No. 2343 EDA 2015, unpublished memorandum, at 1-3 (Pa. Super. filed June 22, 2016) (footnotes omitted). On November 13, 2018, Wyatt filed the instant, his fifth, PCRA petition, alleging only that, on September 20, 2018, he found out that his co-defendant (Tony Bennett)

---

2 Wyatt's judgment of sentence became final on February 25, 2004.

received a shorter aggregate sentence.[3]  As a result, Wyatt claimed that his due process and equal protections rights were violated.[4]

In response, on February 22, 2019, the Commonwealth filed a motion to dismiss the instant PCRA petition on timeliness grounds.  On March 8, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing.  The court directed Wyatt to respond to the Rule 907 notice within 20 days.  Wyatt did not respond.  On April 8, 2019, the PCRA court dismissed as untimely Wyatt's PCRA petition.  On May 16, 2019, more than 30 days after the April 8, 2019 order was entered, Wyatt *pro se* filed the instant appeal.[5]

On March 9, 2020, we remanded this case to the PCRA court to determine whether Wyatt delivered his *pro se* notice of appeal to the prison authorities within 30 days of the April 8, 2019 PCRA order, *i.e.*, on April 24, 2019, as he claimed in his response to our show cause order.  On July 13, 2020, the PCRA court issued a supplemental opinion, concluding that Wyatt's

---

[3] Bennett also was offered and subsequently accepted a guilty plea for third-degree murder and received a sentence of 10 to 20 years' imprisonment. However, unlike Wyatt, Bennett's sentence for the third-degree murder was concurrent with Bennett's other sentences.  Therefore, Bennett's aggregate term of incarceration was 22½ to 45 years as compared to Wyatt's 30 to 60 years in prison.

[4] Wyatt did not assert an ineffective assistance of counsel claim.

[5] On November 4, 2019, in consideration of Wyatt's response to our order to show cause why this appeal should not be quashed as untimely, we discharged the show cause order and referred the issue to the merits panel.

notice of appeal was delivered timely to the prison authorities within 30 days of the April 8, 2019 PRCA order.

On appeal,[6] Wyatt presents a single issue for our review.

Whether the trial court erred in it's (sic) order finding [Appellant's] PCRA petition, regarding the newly discovered facts/evidence filed within 60 days of the date the claim could have been discovered, untimely filed?

Appellant's Brief at 5 (unnecessary capitalization omitted). Differently put, he argues that the PCRA court erred in dismissing as untimely his PCRA petition where he exercised due diligence and asserted his newly-discovered facts exception within 60 days from the date the claim could have been presented.

It is settled that the PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[6] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

- 4 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.[7]

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). In this case, Section 9545(b)(1)(ii) is the exception at issue. As our Supreme Court explained in *Commonwealth v. Cox*, 146 A.3d 221 (Pa. 2016):

When considering a claim seeking to invoke Section 9545(b)(1)(ii), the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence. We have unequivocally explained that the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception only requires a petitioner to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts.

---

[7] Section 9545(b)(2) was recently amended, effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies only to claims arising on or after December 24, 2017. As a result, this amendment does not apply to Wyatt's PCRA petition because it was filed prior to the amendment's effective date.

***Cox***, 146 A.3d at 227 (quotation marks and citations omitted). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects that Wyatt did not seek direct review following his resentencing on January 26, 2004. Thus, his judgment of sentence became final on February 25, 2004. Accordingly, Wyatt's current filing is facially untimely given it was filed on November 13, 2018, more than 14 years late.

The time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. ***See Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008). Here, the Commonwealth seemingly acquiesces to a remand. Commonwealth's Brief at 8. The Commonwealth notes that Wyatt asserted his newly-discovered facts exception within 60 days consistent with Section 9545(b)(2). The Commonwealth observes that Wyatt's co-defendant Bennett was resentenced on September 12, 2018, *id.* at 11, and that Wyatt filed the instant PCRA petition on November 13, 2018, wherein he alleged that he discovered the outcome of Bennett's resentencing on September 20, 2018. *Id.* Because we cannot resolve as a matter of law whether Wyatt's petition is timely under the PCRA, we must remand this case to the PCRA court to determine whether Appellant exercised due diligence in discovering the results

of Bennett's resentencing to overcome the PCRA's time limitation. Accordingly, we conclude that the PCRA court erred in dismissing as untimely Wyatt's instant petition without analyzing whether he exercised due diligence in ascertaining the facts pertaining to Bennett's resentence.

Order vacated. Case remanded. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/20