J-A25027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEVON ANTHONY EVERETT | : | |
| | : | |
| Appellant | : | No. 1328 WDA 2020 |

Appeal from the PCRA Order Entered November 24, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0012952-2006

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED:  January 28, 2022**

Appellant, Jevon Anthony Everett, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. In 2008, a jury convicted Appellant of first-degree murder.  The court sentenced him on December 11, 2008, to a term of life imprisonment without the possibility of parole.  This Court affirmed the judgment of sentence on March 24, 2011, and our Supreme Court denied allowance of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

appeal on October 31, 2011. *See Commonwealth v. Everett*, 26 A.3d 1202 (Pa.Super. 2011) (unpublished memorandum), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011).

Appellant subsequently litigated two PCRA petitions unsuccessfully. On August 6, 2020, Appellant filed the instant serial PCRA petition *pro se*. Following appropriate notice per Pa.R.Crim.P. 907, the court dismissed the petition as untimely on November 24, 2020. Appellant filed a timely notice of appeal on December 7, 2020. The next day, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b), which Appellant timely filed on December 22, 2020.

Appellant raises one issue for our review:

> Did the PCRA court [err] in denying PCRA relief based on after-discovered evidence that supports [Appellant's] claim of actual innocence?

(Appellant's Brief at 3).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *See Commonwealth v. Hackett*, 598 Pa. 350, 359, 956 A.2d 978, 983 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. *See Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed

final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within the requisite statutory window. 42 Pa.C.S.A. § 9545(b)(2).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those

facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015). Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. ***Id.*** Additionally, the focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis omitted).

Instantly, Appellant's judgment of sentence became final in January 2012, after expiration of the time in which Appellant could have filed a petition for writ of *certiorari* following the Pennsylvania Supreme Court's denial of his petition for allowance of appeal. ***See*** U.S.Sup.Ct.R. 13.1 (allowing 90 days to file petition for writ of *certiorari*). ***See also*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant's current PCRA petition filed on August 6, 2020, is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Appellant now attempts to invoke the newly-discovered facts timeliness exception, arguing that Commonwealth witness Taj McBride testified falsely against him at trial. In support of this claim, Appellant offers affidavits from Mr. McBride stating that he lied when he testified against Appellant. (***See*** Affidavits of Taj McBride, dated 4/21/20, 5/8/20, and 6/16/20, attached to PCRA Petition, filed 8/6/20). Appellant also submitted affidavits from three inmates who befriended Mr. McBride in prison, stating that Mr. McBride admitted to them that he lied at Appellant's trial. (***See***

Affidavit of Raymond Bernard, dated 8/8/19, Affidavit of Rodney Michael, dated 7/8/19, and Affidavit of Anthony Blackwell, dated 1/16/20, attached to PCRA Petition, filed 8/6/20).

Nevertheless, the "new fact" that Appellant is attempting to rely on (namely, Mr. McBride's alleged false testimony) was previously asserted by Appellant in an earlier PCRA petition. *See Commonwealth v. Everett*, 237 A.3d 454 (Pa.Super. 2020) (unpublished memorandum) (describing Appellant's claim as alleging new evidence in form of affidavit from McBride; in affidavit, McBride states that detectives threatened and intimidated him into incriminating Appellant in this case; because Appellant failed to file PCRA petition within required statutory window of receiving affidavit, Appellant's PCRA petition is time-barred). Appellant now merely offers newly willing sources for his previously known fact, which does not overcome the timeliness hurdle. *See Marshall, supra*. Therefore, Appellant's current PCRA petition remains time-barred. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2022