J. S71034/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :      IN THE SUPERIOR COURT OF
                                          :              PENNSYLVANIA
                Appellee      :
                                            :
            v.                :
                                            :
                                            :
JOSEPH ANTONIO GRIGGS,           :
                                            :
               Appellant      :      No. 229 MDA 2014

Appeal from the PCRA Order December 16, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division No(s).: CP-22-CR-0004991-2008

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:         **FILED DECEMBER 12, 2014**

Appellant, Joseph Antonio Griggs, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act[1] ("PCRA") as untimely and without merit. Appellant avers, *inter alia*, that his petition is timely pursuant to 42 Pa.C.S. § 9545(b)(1)(iii). We affirm.

A prior panel of this Court summarized the facts and procedural history of this case as follows:

> [Appellant] and [the] victim[, Kristi Drasher] left the home of a friend at approximately 1:00 a.m. on

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

September 7, 2008. The two arrived at the parking lot of the Thompson Institute and conversed until approximately 3:45 a.m., at which time, [Appellant] proceeded to rape and assault the victim. At approximately 5:30 a.m. the victim drove [Appellant] to a motel, then immediately called friends who transported her to the hospital. The victim spoke to the police on September 7, 2008 and again two days later. [Appellant] was arrested on September 10, 2008, and subsequently charged with Rape by Forcible Compulsion, Aggravated Assault, and Terroristic Threats with Intent to Terrorize Another.

[Appellant] was subsequently convicted by a jury of rape and aggravated assault and acquitted of Terroristic threats. On June 3, 2010, [Appellant] was sentenced to 300 months' imprisonment on the rape charge and 60 to 120 months' imprisonment on the aggravated assault charge. The trial court also ordered that [Appellant] serve 120 months of probation following his term of confinement and was classified as a sexually violent predator subject to lifetime registration under Megal's Law II.

[Appellant] did not file post-sentence motions. He filed his notice of appeal on July 12, 2010.

*Commonwealth v. Griggs*, 1106 MDA 2010 (unpublished memorandum at 1-2) (Pa. Super. May 10, 2011) (footnote omitted). On May 10, 2011, this Court affirmed the judgment of sentence. *Id.*

The PCRA court summarized further the procedural history of this case as follows:

[Appellant] filed the instant petition seeking relief under the [PCRA] and on October 19, 2012, Jennifer Tobias, [E]squire, was appointed as PCRA counsel. On March 6, 2013, Attorney Tobias was permitted to withdraw; on March 22, 2013, Jonathan Crisp, [E]squire, was appointed as replacement PCRA counsel. On November 1, 2013, Attorney Crisp filed an Amended Petition to Withdraw. On

> November 5, 2013, Judge [Lawrence F.] Clark[, Jr.] notified [Appellant] that he intended to dismiss his PCRA petition and [Appellant] filed objections on November 20, 2013 and again on December 5, 2013. On December 16, 201[3], Judge Clark[2] issued a Memorandum Opinion dismissing the PCRA Petition [and granting counsel's motion to withdraw].

PCRA Ct. Statement in Lieu of Rule 1925(a) Opinion, 3/14/14, at 2 (footnote omitted). Judge Tully noted that Judge Clark, in his memorandum dismissing the PCRA petition, "had examined Attorney Crisp's Motion to Withdraw, found his factual, procedural, and legal analysis to be cogent and accurate and had adopted it as its own." *Id.* at 1. In the twenty—page amended motion to withdraw, counsel averred the PCRA petition was untimely and addressed Appellant's claims, finding them to be without merit. Judge Tully, in his March 14th statement, deferred to the December 16th memorandum of Judge Clark. *Id*. at 2.

This timely appeal followed. On February 20, 2014, Appellant filed a motion requesting DNA testing. The PCRA court opined that it "lack[ed] jurisdiction to enter any rule, as a result of the outstanding appeal." *Id.* at 2 n.2.

Appellant raises the following issues for our review, reproduced verbatim:

---

[2] Judge Clark retired and the Honorable William T. Tully issued the statement in lieu of a Rule 1925(a) opinion.

1. Whether PCRA court committed an error of law in dismissing Appellant's petition under the Post-Conviction Relief Act's exception of 42 Pa.C.S.A. § 9545 (B)(1)(iii) After-Recognized Constitutional Right Exception-Confrontation Clause.

2. PCRA Court committed an error of law and/or abuse in it's discretion dismissing Appellant's PCRA as "patently untimely."

3. Was Appellant's trial counsel ineffective?

4. Was the Appellant's "Exculpatory Evidence or Newly Discovered Evidence" ignored by the PCRA Court appointed attorney's?

5. Was Appellant prejudiced by the Lower Court of Dauphin County and the Commonwealth of Dauphin County (District Attorney's office), who inturn committed Prosecutorial misconduct and error of law?

6. Was trial attorney's Public Defender's office misleading, not effective and not thorough in Appellant's direct Appeal?

7. Did prosecution withhold evidence from appellant for trial?

8. Did attorney agree that sentence given to Appellant was illegal in nature?

9. Was trial attorney ineffective for not calling and interviewing key character witness's?

10. Whether Appellant was coerced into false confession?

11. Was a DNA kit performed?

12. Whether detective committed perjury when questioned about conducting a rape exam?

13. Whether trial attorney was ineffective for not bringing up alleged medicle history.

14. Whether trial attorney was ineffective for not pusuing a defense for inconsistent statement made by alleged.

15. Whether trial attorney was ineffective for not objecting to questions asked and answers about DNA reports.

16. Whether PCRA attorney was ineffective for not raising argument for Appellant nunc pro tunc.

17. Whether Appellant have merit to Appellant right nunc pro tunc.

Appellant's Brief at 4-6.

Before examining the merits of Appellant's claims, we consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition.

We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of Appellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) **the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in**

> **this section and has been held by that court to apply retroactively.**[3]

42 Pa.C.S. § 9545(b)(1) (emphasis added).

> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). . . .

*Commonwealth v. Marshall*, 947 A.2d 714, 719-20 (Pa. 2008) (some citations omitted and emphasis added).

Our Supreme Court has stated:

> This Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. In addition, we have noted that the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act. We have also recognized that the PCRA's time restriction is constitutionally valid.

*Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations and quotation marks omitted).

Appellant was sentenced on June 3, 2010. His judgment of sentence was affirmed by this Court on May 10, 2011. Appellant did not seek discretionary review in the Supreme Court of Pennsylvania. Thus, his judgment of sentence became final on June 9, 2011. *See* 42 Pa.C.S. §

---

[3] We note that a "ruling on retroactivity of the new constitutional law must have been made prior to the filing of the petition for collateral review." *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002).

9545(b)(3); Pa.R.A.P. 1113(a). Appellant then had until June 11, 2012,[4] to file a PCRA petition. Appellant's PCRA petition was filed on October 16, 2012. Thus, it is patently untimely. Therefore, we review whether his petition alleged and proved, as Appellant claims, the exception at section 9545(b)(1)(iii). *See* 42 Pa.C.S. § 9545(b)(1)(iii).

In his PCRA petition, Appellant did not identify "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." *See id.* Appellant did not affirmatively prove any of the three exceptions to the PCRA's timeliness requirement. *See Marshall*, *supra*. Thus, we agree with the PCRA court that it could not address Appellant's claims. *See id*.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2014

---

[4] June 9, 2012 fell on Saturday. *See* 1 Pa.C.S. § 1908 (providing that when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation).