J-S30026-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK ERIC FRANKLIN | |
| Appellant | No. 1662 WDA 2017 |

Appeal from the PCRA Order Entered October 24, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at Nos.: CP-26-CR-0000275-2000; CP-26-CR-0000276-2000

BEFORE:   BENDER, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STABILE, J.:                    FILED AUGUST 21, 2018

Appellant Frank Eric Franklin pro se appeals from the October 24, 2017 order of the Court of Common Pleas of Fayette County, which dismissed as untimely his most recent request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. As recounted by a prior panel of this Court:

> In 2000, Appellant was convicted and sentenced to 19 to 38 years in prison for rape, attempted rape, and other charges related to his serial abuse of his daughters.  His direct appeal was quashed; his appeal rights were reinstated via the PCRA; his judgment of sentence was affirmed by this Court; and our Supreme Court denied his petition for allowance of appeal on September 1, 2004.  Commonwealth v. Franklin, 850 A.2d 7 (Pa. Super. 2004) (unpublished memorandum), appeal denied,

_____

* Retired Senior Judge assigned to the Superior Court.

J-S30026-18

858 A.2d 108 (Pa. 2004). Subsequent PCRA petitions merited Appellant no relief.

Commonwealth v. Franklin, No. 894 WDA 2016, unpublished memorandum, at 1 (Pa. Super. filed February 16, 2017).

On September 6, 2017, Appellant pro se filed the instant PCRA petition, alleging, inter alia, ineffective assistance of counsel claims. On September 27, 2017, the PCRA court issued a notice of its intention to dismiss Appellant's petition without a hearing under Pa.R.Crim.P. 907. On October 24, 2017, the PCRA dismissed as untimely Appellant's PCRA petition, which the court described as his sixth petition. Appellant pro se timely appealed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the PCRA court issued a statement in lieu of opinion.

On appeal,[1] Appellant raises three issues for our review:

I. Should the court appointed counsel have filed a "no-merit" without ever communicating with Appellant since counsel's appointment, and especially where a meritorious issue was clearly present after direct appeal to Superior Court was dismissed due to direct counsel's failure to file a timely brief: to comply with Pa.R.A.P. 2119(a), and failure to include a Pa.R.A.P. 2119(f) statement in his brief?

II. Did the trial court error by dismissing the post-conviction relief act petition pursuant to counsel's "no-merit" letter that failed to comport with appellate standard's governing withdrawal of counsel's representation in post conviction relief act/direct appeal?

_____

[1] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." Commonwealth v. Pitts, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

- 2 -

III. Did the trial court error in denying indigent defendant representation during appeal process, after the Superior Court ordered of the court below is vacated. The case is remanded for an order granting an appeal nunc pro tunc, with assistance of counsel (4/29/03), as to the first appeal as of right: direct appeal is "critical stage" for purposes of rule that indigent defendant must be afforded assistance of legal counsel at every critical stage throughout criminal process, the lower court leaving his counsel withdraw (9/17/04), without appointing new counsel: the defendant lacked representation during decision making process.

Appellant's Brief at 3 (unnecessary capitalization omitted) (sic).

As a threshold matter, we must determine whether the court erred in dismissing as untimely Appellant's PCRA petition. A court cannot entertain a PCRA petition unless the petitioner has first satisfied the applicable filing deadline. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

(b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. Commonwealth v. Ali, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion ad hoc equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects Appellant's judgment of sentence became final on November 30, 2004. See 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from November 30, 2004, to file his PCRA petition, the current filing is facially untimely given it was filed on September 6, 2017, more than a decade later.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant has failed to allege, let alone prove, any exceptions to the one-year time bar. The PCRA court, therefore, correctly concluded that it lacked jurisdiction to entertain Appellant's instant PCRA petition. Accordingly, we affirm the PCRA court's decision to dismiss as untimely Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2018