J-S74029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL O. ANDREWS | |
| Appellant | No. 2986 EDA 2017 |

Appeal from the PCRA Order August 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1006871-1995

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                **FILED MARCH 15, 2019**

Appellant, Michael O. Andrews, appeals from an order dismissing his fourth petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, as untimely.  We affirm.

On September 19, 1995, Appellant shot and killed Jamal Pettis following a heated argument.  On November 22, 2000, a jury found Appellant guilty of second degree murder, robbery and possession of an instrument of crime.  On January 25, 2001, the trial court sentenced him to life imprisonment.  Appellant filed a direct appeal, which this Court dismissed on March 28, 2001 for failure to file a brief.

On August 28, 2002, Appellant filed a PCRA petition seeking reinstatement of his direct appeal rights.  The PCRA court granted his petition.  Appellant filed a direct appeal, and this Court affirmed in a memorandum

issued on March 22, 2004. *Commonwealth v. Andrews*, 276 EDA 2003 (Pa. Super., Mar. 22, 2004).

Appellant's first claim of error on direct appeal was that "the trial court erred when it sustained [the] Commonwealth's objection and 'admonished' Appellant not to address the jury." *Id.* at 4. This incident took place during Appellant's testimony, when instead of answering his attorney's question, he turned to the jury and asked "Y'all get a good look at this?" referring to a photograph of the scene of the shooting. The Commonwealth objected and asked the court to instruct Appellant not to address the jury. The court stated: "Yes, please do not do that." Trial counsel never objected. Due to trial counsel's silence, this Court held that Appellant waived this issue. *Id.*

Appellant's second claim of error was that the Commonwealth committed prosecutorial misconduct by stating in its closing argument that Appellant was a thief and a criminal. Once again, we held that this issue was waived because trial counsel did not lodge an objection. *Id.* at 5. We "dismiss[ed] this issue without prejudice to Appellant to raise it in a PCRA petition." *Id.* at 9.

Appellant did not file a petition for allowance of appeal in the Supreme Court. Thus, his judgment became final for PCRA purposes on April 21, 2004, the deadline for filing his petition for allowance of appeal.

In 2005, 2008, and 2012, Appellant filed PCRA petitions, none of which resulted in relief. On March 11, 2015, Appellant filed the PCRA petition presently under review, his fourth since his direct appeal. On May 9, 2017,

Appellant filed an amended PCRA petition through counsel. On June 14, 2017, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On August 15, 2017, the PCRA court dismissed his petition. Appellant filed a timely appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises three issues in this appeal:

I. DOES THE FAILURE OF THE STATE TO AFFORD APPELLANT A DIRECT APPEAL AFTER SEVERAL ATTEMPTS AS TO HIS CONVICTIONS OF MURDER AND RELATED CRIMES—WHERE THE MERITS OF HIS CLAIMS SEEKING A NEW TRIAL WERE REACHED AND REVIEWED—COMPRISE A DUE PROCESS VIOLATION WHICH PREVENTED HIS CONVICTION FROM BECOMING FINAL UNDER 42 Pa.C.S.[A] § 9545(b)(1) WHICH REQUIRES A PCRA PETITION TO BE FILED WITHIN ONE YEAR OF THE DATE THE CONVICTION BECOMES FINAL?

II. IS APPELLANT ELIGIBLE FOR PCRA RELIEF?

III. CAN A STATE JURISDICTIONAL TIME BAR BE INVOKED WHICH FORCES THE DUE PROCESS VIOLATION DELINEATED HEREIN TO BE OVERLOOKED?

Appellant's Brief at 4.

In essence, Appellant contends that due to ineffectiveness of his previous attorneys, "he never had <u>any</u> appellate review of the merits of his claims seeking a new trial on direct or collateral appeal." *Id.* at 5 (emphasis in original). Consequently, Appellant continues, as a matter of due process, this Court should grant him leave to raise his arguments in a direct appeal.

As a threshold matter, we must determine whether the court erred in dismissing as untimely Appellant's PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act."

*Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects that Appellant's judgment of sentence became final on April 21, 2004. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from this date to file his PCRA petition, the present petition filed on March 11, 2015 is facially untimely.

Appellant can overcome the one-year time limitation if he alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant has failed to allege, let alone prove, any exception to the one-year time bar. He does not assert that interference by government officials prevented him from filing this petition earlier. He does not allege that he discovered new facts that he previously could not have ascertained through the exercise of due diligence. He does not claim that the right in question is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the one-year limitation period and has been held by that court to apply retroactively.

Appellant claims that he has a constitutional right to relief, as a matter of due process, because he never had any appellate review of the merits of his claims seeking a new trial. But because the present PCRA petition is untimely, we lack jurisdiction to provide relief. Following our decision on direct appeal that he waived both of his arguments, *Andrews*, 276 EDA 2003, he either had to file a PCRA petition within the one-year statute of limitation or file a petition beyond the one-year statute that satisfied one or more of the

three exceptions delineated above. He failed to meet either requirement in his present petition, and we are powerless to fashion any "*ad hoc* equitable exception" to the statute of limitations such as the due process exception suggested in Appellant's brief. **Robinson**, 837 A.2d at 1161.

Accordingly, the PCRA court correctly dismissed Appellant's present PCRA petition for want of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/19