J-S14028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRYANT JOHNSON | : | |
| | : | |
| Appellant | : | No. 305 EDA 2019 |

Appeal from the PCRA Order Entered January 17, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003409-2013

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KING, J.:                          **FILED JUNE 30, 2020**

Appellant, Bryant Johnson, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his second petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On November 3, 2014, Appellant entered negotiated guilty pleas to third-degree murder, robbery, conspiracy, and other offenses.  That same day, the court imposed the agreed-upon sentence of thirty (30) to seventy (70) years' imprisonment.  Appellant did not pursue a direct appeal.

Appellant timely filed a *pro se* PCRA petition on October 16, 2015. Among other things, Appellant claimed the Commonwealth withheld

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

exculpatory evidence, thereby causing him to enter an involuntary guilty plea. The PCRA court appointed counsel, who filed a motion to withdraw and "no-merit" letter on August 26, 2016. On October 19, 2016, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond to the Rule 907 notice, and the PCRA court dismissed Appellant's petition and permitted counsel to withdraw on November 18, 2016.

On April 26, 2017, Appellant submitted a *pro se* filing styled as an "application to file *nunc pro tunc*." The court treated the filing as a serial PCRA petition, but it again appointed counsel. Current counsel filed an amended PCRA petition on Appellant's behalf on November 30, 2017. The amended petition re-raised the claims included in the August 2016 "no-merit" letter. Appellant also raised new arguments, including an allegation that Philadelphia Police Detective James Pitts "forced or coerced" Appellant into giving a false confession. (Amended PCRA Petition, filed 11/30/17, at ¶ 10(B)). Significantly, the amended petition did not specifically invoke any of the PCRA's timeliness exceptions. Instead, Appellant baldly asserted "his *pro se* petition was timely filed and that this Amended Petition for [PCRA] Relief is also timely since any new issues that are raised herein are permitted by the Exceptions section of the [PCRA] statute." (**Id.** at ¶ 15).

After a series of continuances, Appellant filed another counseled, amended PCRA petition on October 30, 2018. Again, Appellant did not

expressly plead or prove the applicability of any of the PCRA's timeliness exceptions. Rather, Appellant continued to develop his claims regarding Detective Pitts' interview tactics. Appellant insisted: 1) Detective Pitts coerced him into providing a false confession; 2) plea counsel was ineffective for failing to challenge the validity of the confession and subsequent plea; and 3) new information, in the form of other criminal cases involving misconduct on the part of Detective Pitts, supported Appellant's assertions.

On December 13, 2018, the Commonwealth filed a motion to dismiss Appellant's petition. The next day, the PCRA court provided Rule 907 notice. Appellant filed a response to the Rule 907 notice on January 3, 2019. In his response, Appellant requested an evidentiary hearing to explore the circumstances surrounding his confession. On January 17, 2019, the PCRA court dismissed Appellant's petition as untimely filed.

On January 22, 2019, Appellant timely filed a notice of appeal. That same day, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant filed his Rule 1925(b) statement on February 13, 2019.

Appellant now raises three issues on appeal:

> WHETHER THE CONFESSION OR STATEMENT THAT WAS RENDERED BY APPELLANT TO DETECTIVE JAMES PITTS WAS IN VIOLATION OF THE 5TH, 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION WHICH IN THE CIRCUMSTANCES OF THIS CASE SO UNDERMINED THE TRUTH-DETERMINING PROCESS THAT NO RELIABLE ADJUDICATION OF GUILT OR

INNOCENCE COULD HAVE TAKEN PLACE WHERE DETECTIVE JAMES PITTS AND HIS ASSOCIATES COERCED OR INVOLUNTARILY FORCED [APPELLANT] TO WRONGFULLY CONFESS TO AND EVENTUALLY PLEAD GUILTY TO THE CRIMES THAT APPELLANT EVENTUALLY ENDED UP FALSELY PLEADING GUILTY TO, INCLUDING THE CRIMES OF THIRD DEGREE MURDER, ROBBERY, CONSPIRACY TO COMMIT ROBBERY AND USING A MOTOR VEHICLE AS A WEAPON.

WHETHER APPELLANT['S] … 6TH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND HIS RIGHTS UNDER ARTICLE I, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION WERE SUBJECTED TO INEFFECTIVE ASSISTANCE OF COUNSEL, WHICH IN THE CIRCUMSTANCES OF THIS PARTICULAR CASE SO UNDERMINED THE TRUTH DETERMINING PROCESS THAT NO RELIABLE ADJUDICATION OF GUILT OR INNOCENCE COULD HAVE TAKEN PLACE WHEN HIS TRIAL ATTORNEY DID NOT CHALLENGE THE COMMONWEALTH WITH A MOTION TO SUPPRESS THE FALSE CONFESSION THAT [APPELLANT] SUBMITS WAS COERCED OR INVOLUNTARILY FORCED FROM HIM BY DETECTIVE JAMES PITTS' WRONGFUL AND ILLEGAL ACTIVITY AND WHERE APPELLANT'S TRIAL ATTORNEY FAILED TO FILE A MOTION TO WITHDRAW APPELLANT'S GUILTY PLEA WHERE IT WAS NOT KNOWING, VOLUNTARY AND INTELLIGENT AND WHERE APPELLANT BELIEVED THAT HE HAD NO ALTERNATIVE BUT TO PLEAD GUILTY BECAUSE OF HIS PRIOR COERCED CONFESSION.

WHETHER THE UNAVAILABILITY AT THE TIME OF TRIAL OF AFTER DISCOVERED EXCULPATORY EVIDENCE THAT HAD SUBSEQUENTLY BECOME AVAILABLE ENTITLED APPELLANT … TO AN EVIDENTIARY HEARING OR A NEW TRIAL, NAMELY—THE WRONGFUL OR COERCIVE ACTIVITY OF DETECTIVE JAMES PITTS IN FORCING FALSE CONFESSIONS FROM APPELLANT IN THIS CASE AND THE HISTORY OF DETECTIVE JAMES PITTS IN HIS HAVING ENGAGED IN SUCH WRONGFUL OR COERCIVE BEHAVIOR IN THE PAST WITH OTHER ARRESTEES, A HISTORY THAT [APPELLANT'S] TRIAL ATTORNEY WAS UNAWARE OF AT THE TIME OF TRIAL.

(Appellant's Brief at 4-5).

As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to

apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).[2]

To meet the "newly discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Burton**, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted).

Instantly, the court sentenced Appellant on November 3, 2014. Appellant did not file a notice of appeal, and his judgment of sentence became

---

[2] As of December 24, 2018, Section 9545(b)(2) now allows any PCRA petition invoking a timeliness exception to be filed within **one year** of the date the claim first could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment applies to claims arising on or after December 24, 2017. Appellant filed the current PCRA petition on April 26, 2017, so the amendment does not apply to him.

final thirty days later, on or about December 3, 2014. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(c)(3). Thus, Appellant had until December 3, 2015 to file a PCRA petition. Appellant timely pursued a first PCRA petition on October 16, 2015, which the court dismissed on November 18, 2016.

Appellant filed the current PCRA petition on April 26, 2017, which was over one year late and untimely on its face. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now argues he is entitled to PCRA relief, claiming plea counsel was ineffective for failing to seek suppression of the confession and failing to challenge the voluntariness of the guilty plea. Appellant also cites multiple cases where litigants alleged that Detective Pitts used coercive interview tactics.[3] In light of these cases, Appellant insists the PCRA court should have ordered an evidentiary hearing to gather additional evidence regarding the circumstances surrounding his confession.

Appellant, however, has failed to plead and prove any exception to the PCRA timeliness requirements. To the extent Appellant's arguments can be interpreted as an attempt to invoke the new-facts exception to the PCRA's timeliness requirements, Appellant cannot demonstrate any new facts that were unknown and could not have been ascertained through the exercise of

---

[3] Specifically, Appellant cites **Commonwealth v. Brown**, 134 A.3d 1097 (Pa.Super. 2016), **Commonwealth v. White**, 215 A.3d 676 (Pa.Super. 2019) (unpublished memorandum), and **Commonwealth v. Thorpe**, 91 A.3d 1285 (Pa.Super. 2013) (unpublished memorandum).

due diligence.[4] Appellant participated in an interview with Detective Pitts, he was aware of the detective's tactics at that time, and he could have notified prior counsel to challenge the validity of his confession earlier in the proceedings. We also note that the judicial decisions from other cases involving Detective Pitts' conduct do not amount to newly discovered facts. *See Commonwealth v. Watts*, 611 Pa. 80, 23 A.3d 980 (2011) (stating subsequent decisional law does not qualify as new fact capable of triggering timeliness exception in PCRA). Moreover, Appellant's ineffectiveness claims also fail to qualify as a new fact to excuse an untimely PCRA petition. *See Gamboa-Taylor, supra* (defining general class of ineffective assistance of

_____

[4] The substantive claim of after-discovered evidence and the new-facts exception to the PCRA timeliness requirements are often conflated and referred to as the same theory of relief. These concepts, however, are not interchangeable and require different proofs. Under the new-facts exception to an untimely PCRA petition, a petitioner must establish "the **facts** upon which the claim was predicated were **unknown** and…could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264, 1272 (2007) (emphasis in original). Only if a petitioner meets the statutory jurisdictional requirements by satisfying this exception to the PCRA time-bar, can he then argue for relief on a substantive after-discovered-evidence claim, which requires the petitioner to demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *See, e.g., Commonwealth v. Washington*, 592 Pa. 698, 927 A.2d 586 (2007); *Commonwealth v. D'Amato*, 579 Pa. 490, 856 A.2d 806 (2004). Here, Appellant's brief includes argument on the substantive claim of after-discovered evidence without actually analyzing the applicability of the new-facts exception. (*See* Appellant's Brief at 24-25).

counsel claims that does not serve as exception to PCRA timeliness requirements). Accordingly, we affirm the order dismissing Appellant's current PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2020