J-S33025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DERRICK WHITE | : | |
| | : | |
| Appellant | : | No. 875 EDA 2022 |

Appeal from the PCRA Order Entered February 25, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012991-2010

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:                    **FILED NOVEMBER 29, 2022**

Appellant, Derrick White, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows. Abdul Taylor, the victim in this matter, witnessed the killing of another individual perpetrated by Marvin Flamer, Nafeas Flamer, and Hakim Bond.  Mr. Taylor told his sister that the Flamers wanted him to provide a false alibi; however, Mr. Taylor refused to do so.  After Mr. Taylor cooperated with the police, he acquired a reputation in the community as a "snitch."  Appellant was friends with the Flamers and visited them in jail on multiple occasions. On May 6, 2010, Appellant approached Mr. Taylor while he was walking, and

shot him in the head.

On February 29, 2012, a jury convicted Appellant of first-degree murder, retaliation against a witness, conspiracy, possession of an instrument of crime, and violations of the uniform firearms act. At the conclusion of the penalty phase, the jury returned a verdict of death for the first-degree murder conviction. That same day, the court sentenced him in accordance with the jury's verdict. On July 3, 2013, the Pennsylvania Supreme Court granted Appellant's petition for allowance of appeal and remanded the case to the trial court concerning counsel's ineffectiveness during the penalty phase of Appellant's trial. After a new penalty phase hearing, the trial court quashed the sole aggravating circumstance and, on March 23, 2015, imposed a sentence of life imprisonment for the murder conviction plus an aggregate six and a half to thirteen years' imprisonment for the other offenses.

This Court affirmed Appellant's judgment of sentence on February 5, 2016, and our Supreme Court denied Appellant's petition for allowance of appeal on July 19, 2016. *See Commonwealth v. White*, 141 A.3d 587 (Pa.Super. 2016) (unpublished memorandum), *appeal denied*, 636 Pa. 663, 145 A.3d 165 (2016). Appellant timely filed his first, counseled, PCRA petition on June 10, 2017. The PCRA court denied Appellant's petition on December 7, 2017. This Court affirmed the denial of Appellant's petition on March 25, 2019. *Commonwealth v. White*, 215 A.3d 676 (Pa.Super. 2019) (unpublished memorandum).

Appellant filed the instant PCRA petition *pro se* on June 1, 2021. The court appointed counsel, who filed an amended petition on November 12, 2021. On January 13, 2022, the court issued notice of its intent to dismiss Appellant's petition without a hearing per Pa.R.Crim.P. 907. Appellant responded to the notice on January 30, 2022. The PCRA court dismissed Appellant's petition as untimely by order entered February 25, 2022. Appellant filed a timely notice of appeal on March 23, 2022. The PCRA court did not order, and Appellant did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue on appeal.

> Whether the PCRA court erred by denying Appellant's PCRA petition without a hearing when the after-discovered evidence raised a genuine issue of material fact?

(Appellant's Brief at ix).

Appellant argues that he is entitled to relief based on "after-discovered evidence" of signed affidavits from two witnesses, Jalil Uqdah and Tyree Branch, who both stated they were willing to testify that Appellant did not see Marvin Flamer in prison on the day Mr. Taylor was killed. Appellant claims that these affidavits satisfy the "new facts" exception to the PCRA's time-bar, and that Appellant timely filed the instant petition within one year of receiving the affidavits. Appellant concludes the court erred by dismissing his PCRA petition as untimely, and this Court must grant relief. We disagree.

The timeliness of a PCRA petition is a jurisdictional prerequisite.

- 3 -

*Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. *See*

- 4 -

42 Pa.C.S.A. § 9545(b)(2).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Burton**, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted). In other words, the fact that a petitioner has "discovered yet another conduit" for the same claim previously presented "does not transform his latest source into evidence falling within the ambit of section 9545(b)(1)(ii)." **Commonwealth v. Maxwell**, 232 A.3d 739, 745, (Pa.Super. 2020) (*en banc*), *appeal denied*, ___ Pa. ___, 242 A.3d 1290 (2020) (quoting **Commonwealth v. Marshall**, 596 Pa. 587, 597, 947 A.2d 714, 720 (2008)).[1]

_____

[1] The substantive claim of after-discovered evidence and the newly-discovered facts exception to the PCRA timeliness requirements are often conflated and referred to as the same theory of relief. Under the newly-discovered facts exception, a petitioner must establish "the facts upon which the claim was predicated were unknown and…could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." **Commonwealth v. Bennett**, 593 Pa. 382, 395, 930 A.2d 1264, 1272 (2007) (emphasis omitted). Only if a petitioner meets the statutory jurisdictional requirements by satisfying this exception to the PCRA time-bar, can he then argue for relief on a substantive after-discovered-evidence claim,
*(Footnote Continued Next Page)*

Instantly, the trial court sentenced Appellant on March 23, 2015. This Court affirmed the judgment of sentence on February 5, 2016, and our Supreme Court denied Appellant's petition for allowance of appeal on July 19, 2016. Accordingly, Appellant's judgment of sentence became final 90 days later, on October 17, 2016. **See** U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within 90 days after entry of judgment by state court of last resort). Thus, Appellant had until October 17, 2017 to file a timely PCRA petition. Appellant filed the current PCRA petition on June 1, 2021, which is facially untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

Appellant now attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar, relying on the affidavits submitted by Mr. Uqdah and Mr. Branch. Nevertheless, Appellant cannot demonstrate any new facts that were unknown to him and could not have been ascertained through the exercise of due diligence. As the PCRA court explained:

> According to Uqdah's affidavit dated March 15, 2021, [Appellant] drove Uqdah, Jalil Harris ("Harris"), and another friend to Curran-Fromhold Correctional Facility ("CFCF") on May 6, 2010. Uqdah and Harris visited with Branch, while [Appellant] deposited money in someone's account at the

---

which requires the petitioner to demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **See**, **e.g.**, **Commonwealth v. Washington**, 592 Pa. 698, 927 A.2d 586 (2007); **Commonwealth v. D'Amato**, 579 Pa. 490, 856 A.2d 806 (2004).

inmate deposit machine, but [Appellant] did not visit with Marvin Flamer or anyone else that day. Uqdah states that he was asked to testify at trial, but refused to do so at the time because, among other reasons, he knew the [victim Mr. Taylor] and his family and attended [the victim's] funeral.

According to Branch's affidavit dated April 14, 2021, Uqdah and Harris visited him for about a half hour on May 6, 2010, while he was incarcerated at CFCF. They told Branch that [Appellant] had driven them to CFCF that day. Branch states that [Appellant] did not visit with anyone that day, and Marvin Flamer did not come into the visitor's room or have a visit from anyone. Branch also states that he was asked about these facts before, but was unwilling to testify at trial.

\* \* \*

The facts presented by Uqdah and Branch cannot be considered newly-discovered facts because [Appellant] cannot establish that the facts upon which his claim is based were unknown to him. The fact that [Appellant] drove Uqdah to visit Branch at CFCF on May 6, 2010 clearly establishes that he had knowledge of these facts that day. In their affidavits, both Uqdah and Branch acknowledge that they were approached about providing testimony previously in this case, but refused to do so. The fact that they were previously unwilling to testify, but are now willing to testify does not make their testimony newly-discovered facts. A newly willing source for previously known facts does not meet the requirements of the newly-discovered fact exception.

[Appellant] raised the instant claim on June 1, 2021, which is over eleven years after he first discovered these facts. Accordingly, the newly-discovered fact exception does not apply, and [Appellant's] claim is untimely.

(PCRA Court Opinion, filed 2/24/22, at 7-8) (internal citation omitted).

We agree with the court's analysis. The newly-discovered fact upon which Appellant is attempting to rely is that he allegedly did not meet with

Marvin Flamer in prison on the day he killed Mr. Taylor; this is a fact that Appellant has known since that day. Further, we agree with the PCRA court that the fact that both Mr. Uqdah and Mr. Branch were previously unwilling to testify, but are now willing to, does not make their testimony newly-discovered facts. **See Burton, supra**. Therefore, Appellant's claim does not satisfy the newly-discovered fact exception to the PCRA time bar. **See Brown, supra**. Consequently, Appellant's current PCRA petition remains time barred. **See Zeigler, supra**. Accordingly, we affirm.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2022

---

[2] As Appellant has not met the jurisdictional requirements by satisfying the newly discovered facts exception to the PCRA time bar, the PCRA court lacked jurisdiction to consider his substantive "after-discovered evidence" claim. **See Bennett, supra**.