J-S04030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RANDY DIAZ | : | |
| | : | |
| Appellant | : | No. 1461 EDA 2022 |

Appeal from the PCRA Order Entered April 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011777-2013

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                        **FILED AUGUST 22, 2023**

Appellant, Randy Diaz, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his third petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On July 9, 2013, Appellant was arrested and charged with first-degree murder and related offenses in connection with the murder of Juan Cruz ("Victim").  Christopher Martinez and Alexander Flores[2] were also arrested for participating in the same incident.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Flores is sometimes referred to as "Torres" in the certified record.

Martinez pled guilty to third-degree murder and conspiracy, and he agreed to testify against Appellant and Flores. At Appellant's trial, Martinez testified that he pled guilty to third-degree murder and conspiracy and was awaiting sentencing. Martinez stated that he was not promised a specific sentence for entering his plea or his continued cooperation with authorities. Martinez further testified that on the evening of December 15, 2011, he was with Appellant, Flores, and two others. Flores asked Appellant to murder Victim because Victim owed Flores money. Appellant agreed and Flores provided Appellant with a gun. Martinez testified that he drove Appellant in Appellant's car to an intersection near where they saw Victim. Martinez observed Appellant leave the vehicle with a gun and walk up the street. Martinez heard four gunshots and a few seconds later Appellant ran back to the car, jumped in, and yelled for Martinez to drive. Martinez drove to his house and jumped out of the car, leaving Appellant in the car. Martinez described the gun he saw in Appellant's hand as a Glock 9mm.

On October 9, 2014, the jury convicted Appellant of first-degree murder, conspiracy, carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, and possession of an instrument of crime. That same day, the court sentenced Appellant to life imprisonment for the murder conviction. This Court affirmed Appellant's judgment of sentence on August 26, 2015, and our Supreme Court denied allowance of appeal on December 22, 2015. *See Commonwealth v. Diaz*, 131 A.3d 103 (Pa.Super. 2015),

*appeal denied*, 634 Pa. 725, 128 A.3d 1205 (2015).

Thereafter, Appellant litigated two PCRA petitions unsuccessfully. Appellant filed the instant *pro se* PCRA on March 7, 2022. On March 24, 2022, the court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On April 28, 2022, the court dismissed the PCRA petition as untimely. Appellant filed a timely *pro se* notice of appeal on May 16, 2022. On May 31, 2022, Appellant voluntarily filed a Pa.R.A.P. 1925(b) statement of errors per Pa.R.A.P. 1925(b).

Appellant now raises the following issues for our review:

> Whether the [PCRA] court failed to recognize the newly … discovered evidence of [Appellant's] co-defendant's testimony that he had lied under oath?
>
> Did the trial court violate **Brady v. Maryland** when it failed to disclose the plea agreement from [Appellant's] co-defendant for testifying against him?
>
> Whether the [PCRA] court abused its discretion by denying [Appellant] a hearing on his timely PCRA petition?
>
> Whether trial counsel was ineffective when he failed to ask any questions to the ballistic expert about the firearm alleged to be used?

(Appellant's Brief at 1-2) (reordered for purpose of disposition).

In his first issue, Appellant argues that he learned on or after January 29, 2022, that Martinez was given leniency in his own case. Specifically, Appellant alleges that Martinez was released on house arrest in 2016 and sentenced in February 2019 to time served. Appellant asserts that he exercised due diligence to ascertain this information in a timely fashion by

sending the clerk of courts a letter on March 1, 2020, requesting a copy of Martinez's sentencing transcripts and colloquy. Appellant asserts the court did not respond until January 6, 2021, and did not give Appellant the information he requested. Appellant claims that he only learned of Martinez's lenient sentence after he asked a friend to search for any information on Martinez's sentence on January 29, 2022. Appellant contends that evidence of Martinez's lenient sentence casts doubt on Martinez's testimony that he was not promised a lighter sentence in return for testifying at Appellant's trial, and such information could have resulted in different outcome at trial.

Appellant further asserts that on April 17, 2021, he learned that Officer Raymond Andrejczack testified at Flores' trial that the shell casings found at the scene of the crime do not match the rounds of a Glock 9mm. Appellant argues that this information discredits Martinez's testimony that Appellant possessed a Glock 9mm. Appellant insists he did not have access to Officer Andrejczack's testimony until the window to timely file a PCRA petition had already expired. Appellant concludes that he has satisfied the newly-discovered facts exception to the PCRA's time-bar, and this Court must vacate and remand for further proceedings. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. *See Commonwealth v. Hackett*, 598 Pa. 350, 359, 956 A.2d 978, 983 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law is clear that no court has jurisdiction to hear an untimely

PCRA petition. ***See Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

> (i) the failure to raise the claim previously as the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or law of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have first been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2) (as amended, effective December 24, 2018;

providing one-year statutory window in which to invoke time-bar exception for claims arising on or after December 24, 2017).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015). Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. *Id.* Additionally, the focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis omitted).

Instantly, Appellant's judgment of sentence became final on or around March 21, 2016, after expiration of the time in which Appellant could have filed a petition for writ of *certiorari* following the Pennsylvania Supreme Court's denial of his petition for allowance of appeal. *See* U.S.Sup.Ct.R. 13.1 (allowing 90 days to file petition for *writ of certiorari*). *See also* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant's current PCRA petition filed on March 7, 2022, is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

The PCRA court rejected Appellant's attempt to overcome the PCRA time-bar, explaining:

> Martinez's release on house arrest and subsequent sentencing are not newly-discovered facts because these

facts could have been discovered by the exercise of due diligence in February 2019. Martinez was released on house arrest on May 25, 2016, five years and nine months prior to the filing of the instant petition, and sentenced to time served on February 7, 2019, three years and one month prior to the instant petition. These facts were available to [Appellant] as of Martinez's sentencing date and could have been discovered by obtaining Martinez's docket sheet, a public record. As a result, this claim was required to be filed by February 2020. Yet, [Appellant] did nothing to discover these facts for, over a year.

[Appellant] offers the following facts to establish due diligence: [Appellant] asserts that he (1) sent a letter to [the trial court] on March 1, 2020 seeking a copy of Martinez's sentencing transcript and docket sheet, and (2) asked a friend to search for Martinez's docket sheet on January 29, 2022. Accepting this as true, [Appellant] has failed to satisfy due diligence as he did not make reasonable efforts to uncover the facts underlying his claim. More than a year had already passed since he first could have discovered Martinez's sentencing by the time [Appellant] sent his letter. No further steps were taken by [Appellant] to discover this information until January 29, 2022 when he obtained Martinez's docket sheet on the very same day he asked a friend to search for it. [Appellant]'s decision to wait until January 2022 to take the actions necessary to obtain this information was not reasonable. Based on his own averments, [Appellant] has failed to exercise due diligence in discovering the facts underlying this claim.

Likewise, [Appellant]'s claim regarding Officer Andrejczak fails for two reasons. First, Officer Andrejczak's testimony did not reveal any newly-discovered facts and, second, [Appellant] could have uncovered the facts underlying this claim through the exercise of due diligence prior to April 17, 2021.

At [Appellant]'s trial, Officer Andrejczak testified that each of the fired cartridge casings ("FCCs") recovered from the scene and the bullets recovered during [Victim]'s autopsy were 9-millimeter caliber and were fired from the same firearm. While [Appellant] was provided with all the necessary discovery prior to trial, including Officer

> Andrejczak's ballistics report, [Appellant] did not contradict him or ask him about the Glock. As Officer Andrejczak's testimony at Flores' trial did not contain any newly-discovered facts, [Appellant]'s claim does not satisfy the newly-discovered fact exception.
>
> [Appellant]'s claim also fails to meet the newly-discovered fact exception because he failed to raise this claim within one year of the date he first could have discovered these facts. Officer Andrejczak testified at Flores' trial on January 30, 2019, three years and one month before the filing of the instant petition. Flores' trial was public, and [Appellant] could have discovered the fact that Officer Andrejczak testified any time after that trial. [Appellant] does not explain how he came to discover Officer Andrejczak's testimony or what steps he took to discover this information prior to April 17, 2021. Attaching a Superior Court opinion from Flores' direct appeal dated November 19, 2020 is insufficient to satisfy due diligence.

(PCRA Court Opinion, filed 4/28/22, at 6-8) (internal footnotes omitted).

The record supports the court's analysis that Appellant failed to exercise due diligence in discovering Martinez's sentence. *See **Brown, supra***. Further, the record supports the court's analysis that Officer Andrejczak's testimony at Flores' trial did not offer a "new fact" necessary to satisfy the time-bar exception. *See **Marshall, supra***. Additionally, Appellant failed to plead and prove that he took reasonable efforts to discover this information sooner.[3] *See **Brown, supra***. Therefore, Appellant's PCRA petition remains time barred. Accordingly, we affirm.

_____

[3] We recognize our Supreme Court's decision in ***Commonwealth v. Small***, 662 Pa. 309, 238 A.3d 1267 (2020), which held that there is no longer a "public record presumption" pursuant to which a court may find that
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2023

---

information available to the public is not a fact that was previously "unknown" to the petitioner. Nevertheless, the Court clarified, "that [Appellant] is relieved of the public record presumption does not mean that [Appellant] prevails.… The textual requirements of the time-bar exception remain." **Id.** at 340, 238 A.3d at 1286. Therefore, "although **Small** eliminates the public record presumption, it does not abrogate the requirement that petitioners perform due diligence to discover the facts upon which their claim is predicated." **Commonwealth v. Keener**, No. 1165 WDA 2021, 2022 WL 2359373, at *4 (Pa.Super. June 30, 2022) (unpublished memorandum). **See also** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).