J-S29010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROY RUGANI, JR. | : | |
| | : | |
| Appellant | : | No. 1445 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 24, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002619-2020

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:　　　　　　　**FILED: SEPTEMBER 27, 2024**

Appellant, Roy Rugani, appeals from the Judgment of Sentence entered in the Allegheny County Court of Common Pleas following his conviction of numerous offenses related to his sexual abuse of his daughter. After careful review, we conclude that Appellant's PCRA petition was untimely and, thus, quash this appeal.

A detailed factual history is unnecessary to our disposition. Appellant sexually abused his minor biological daughter over a period of 5 years. On December 16, 2020, Appellant pled guilty to 7 counts related to this abuse. On May 24, 2021, the court sentenced Appellant to an aggregate term of 165 to 330 months of incarceration, followed by 5 years of probation.

Appellant did not file post-sentence motions or a direct appeal. Approximately two years later, petitioner filed two *pro se* Motions for Discovery dated May 7, 2023, and July 27, 2023, which the court dismissed

as premature. On September 11, 2023, Appellant filed a *pro se* PCRA petition seeking to reinstate post-sentence and appellate rights, claiming ineffective assistance of counsel based on trial counsel's failure to file an appeal on his behalf and governmental interference based on the court's denial of his motions for discovery.

The PCRA court appointed counsel, who, on November 6, 2023, filed an amended PCRA petition, claiming that Appellant did not fully understand his post-sentence rights despite Appellant's statements to the contrary at his sentencing hearing.

On November 7, 2023, the trial court granted the amended PCRA petition and reinstated Appellant's post-sentence and appellate rights *nunc pro tunc*. On November 13, 2023, the Commonwealth filed a motion, mislabeled as a Motion for Reconsideration of Sentence, which was substantively a motion for reconsideration of the trial court's order granting the amended PCRA petition based on its untimeliness. This motion was not addressed by the trial court. On November 16, 2023, Appellant filed a Post-Sentence Motion for Reconsideration arguing that the trial court abused its discretion in imposing his sentence. On November 23, 2023, the trial court denied this motion. This appeal followed.

Appellant raises the following issue on appeal:

Is there a substantial question as to the discretionary aspects of Appellant's sentence due to the Trial Court's sentence being manifestly unreasonable?

Appellant's Br. at 4.

Before addressing Appellant's issue, we must *sua sponte* examine whether the PCRA court possessed jurisdiction to reinstate his right to file the present appeal *nunc pro tunc*. **See Commonwealth v. Reid**, 235 A.3d 1124, 1143 (Pa. 2020) ("[T]o confirm proper jurisdiction, it is appropriate for an appellate court to consider *sua sponte* the timeliness of a PCRA petition from which *nunc pro tunc* appellate rights have been reinstated, even where the Commonwealth has not separately appealed . . . from the order granting relief.").

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than two years after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. *Id.* at § 9545(b)(2). The statutory exception raised by Appellant is the government interference exception, which requires proof that "the failure to

raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of the Commonwealth or the Constitution or laws of the United States." *Id.* at § 9545(b)(1)(i).

Appellant claims that his failure to timely file the PCRA petition was the result of governmental interference because of the trial court's denial of his Motions for Discovery. PCRA Petition, 9/11/23, at 3. Appellant's claim is without merit. Pursuant to Pa.R.E. 902(E)(1), no discovery is permitted at any stage of the PCRA proceedings, absent leave of the court after a showing of exceptional circumstances. Appellant, therefore, cannot claim that the trial court committed governmental interference by lawfully denying his discovery requests. Moreover, Appellant has also failed to provide any information in his PCRA petition explaining what efforts, if any, he made to obtain his trial transcript or a copy of his discovery prior to the expiration of the PCRA's one-year jurisdictional time bar.

Appellant's PCRA petition was untimely filed, and the trial court did not have jurisdiction to grant the petition and reinstate Appellant's post-sentence and appellate rights. In the absence of a valid reinstatement of those appellate rights, the instant appeal is a nullity, and this Court is without jurisdiction to address Appellant's claims.

Accordingly, we quash this appeal.

Appeal quashed.

- 4 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 9/27/2024